IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ABBIE SHIBE<br>7400 North Chestnut Common Dr<br>Mentor, Ohio 44060 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT** |
| CARDINAL CREDIT UNION, INC.<br>c/o Oren T Casey<br>Statutory Agent<br>7237 Beechwood Drive<br>Mentor, Ohio 44060 | )<br>)<br>)<br>)<br>)<br>)<br>) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| Defendant. | ) | |

Plaintiff, Abbie Shibe, by and through undersigned counsel, as her Complaint against the Defendant, states and avers the following:

## **PARTIES**

1. Shibe is a resident of the city of Mentor, county of Lake, state of Ohio.

2. Defendant is a corporation with its principal place of business located at 8500 Westport Drive Mentor, Ohio 44060.

## **JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Shibe is alleging federal law claims regarding the deprivation of Shibe's rights under the Title VII of the Civil Rights Act of 1964 as amended.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

5. All material events alleged in this Complaint occurred in Lake County.

6. Within 300 days of the conduct alleged below, Shibe dual filed a Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC"), and the Ohio Civil Rights Commission, Charge No. 532-2020-02829 against Defendant.

7. On or about May 6, 2021, the EEOC issued and mailed a Notice of Right to Sue letter to Shibe regarding the Charge of Discrimination.

8. Shibe received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit 1.

9. Shibe filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

10. Shibe has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## FACTS

12. Defendant owns and operates a credit union in Lake County.

13. At all times relevant herein, Defendant's flagship branch was located at 8500 Westport Drive Mentor, Ohio 44060 ("Mentor Location").

14. Defendant hired Shibe as a Branch Manager for the Mentor Location on or around December 14, 2018.

15. Shibe is female.

16. At all times relevant herein, Defendant employed Rob Petrie as the branch manager of its Lakeland Branch.

17. Petrie is male.

18. At all times relevant herein, Shibe had more seniority with Defendant than Petrie.

19. Throughout her employment, Shibe achieved better production metrics than Petrie.

20. Throughout her employment, Shibe achieved better goal attainment metrics than Petrie.

21. At all times relevant herein, Shibe was more qualified for the branch manager position than Petrie.

22. At all times relevant herein, Defendant employed Jared Furnia as the branch manager of its Willoughby branch.

23. Furnia is male.

24. At all times relevant herein, Shibe had more seniority with Defendant than Furnia.

25. Throughout her employment, Shibe achieved better production metrics than Furnia.

26. Throughout her employment, Shibe achieved better goal attainment metrics than Furnia.

27. At all times relevant herein, Shibe was more qualified for the branch manager position than Furnia.

28. Throughout her employment, Shibe was Defendant's top performing branch manager.

29. On or around March 22, 2020, Defendant terminated Shibe, allegedly due to financial hardship during the COVID pandemic.

30. Defendant did not terminate Petrie on March 22, 2020.

31. Defendant did not terminate Furina on March 22, 2020.

32. Defendant's termination of Shibe permitted Defendant to retain Petrie.

33. Defendant's termination of Shibe permitted Defendant to retain Furina.

34. Defendants terminated Shibe in order to retain Petrie.

35. Defendants terminated Shibe in order to retain Furina.

36. Defendants terminated Shibe in order to retain less qualified male employees.

37. In terminating Shibe, Defendant treated Shibe less favorably than similarly situated male employees.

38. Following Shibe's termination, Defendant began advertising an open branch manager position.

39. Defendant's assertion that Shibe was terminated due to financial hardship has no basis in fact.

40. Defendant's assertion of financial hardship did not actually motivate Defendant's decision to terminate Shibe.

41. Defendant knowingly terminated Shibe.

42. Defendant knowingly took an adverse employment action against Shibe.

43. Defendant knowingly took an adverse action against Shibe.

44. Defendant intentionally terminated Shibe.

45. Defendant intentionally took an adverse employment action against Shibe.

46. Defendant intentionally took an adverse action against Shibe.

47. Defendant knew that terminating Shibe would cause Shibe harm, including economic harm.

48. Defendant willfully terminated Shibe.

49. Defendant willfully took an adverse employment action against Shibe.

50. Defendant willfully took an adverse action against Shibe.

51. There was a causal connection between Shibe's gender and Defendant's termination of Shibe.

52. As a result of Defendant's conduct, Shibe has suffered, and continues to suffer harm.

### COUNT I: GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT.

53. Shibe restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

54. Shibe is female.

55. Defendant treated Shibe less favorably than other similarly-situated male employees based on her gender.

56. On or about March 22, 2020, Defendant terminated Shibe's employment without just cause.

57. Defendant terminated Shibe in order to retain less qualified male employees.

58. Defendant violated Title VII when it discharged Shibe based on her gender.

59. Defendant violated Title VII by discriminating against Shibe based on her gender.

60. As a result of Defendant' discrimination against Shibe in violation of Title VII Shibe has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Shibe to injunctive, equitable, and compensatory monetary relief.

61. As a result of Defendant' discrimination against Shibe in violation of Title VII Shibe has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

62. In its discriminatory actions as alleged above, Defendant acted with malice or reckless indifference to the rights of Shibe, thereby entitling Shibe to an award of punitive damages.

63. To remedy the violations of the rights of Shibe secured by Title VII Shibe requests that the Court award her the relief demanded below.

**COUNT II: GENDER DISCRIMINATION IN VIOLATION OF R.C. 4112.01 *et seq*.**

64. Shibe restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

65. Shibe is female.

66. Defendant treated Shibe less favorably than other similarly-situated male employees based on her gender.

67. On or about March 22, 2020, Defendant terminated Shibe's employment without just cause.

68. Defendant terminated Shibe in order to retain less qualified male employees.

69. Defendant violated R.C. 4112.01 *et seq.*, when it discharged Shibe based on her gender.

70. Defendant violated R.C. 4112.01 *et seq.*, by discriminating against Shibe based on her gender.

71. As a result of Defendant' discrimination against Shibe in violation of R.C. 4112.01 *et seq.*, Shibe has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Shibe to injunctive, equitable, and compensatory monetary relief.

72. As a result of Defendant' discrimination against Shibe in violation of R.C. 4112.01 *et seq.*, Shibe has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

73. In its discriminatory actions as alleged above, Defendant acted with malice or reckless indifference to the rights of Shibe, thereby entitling Shibe to an award of punitive damages.

74. To remedy the violations of the rights of Shibe secured by R.C. 4112.01 *et seq.*, Shibe requests that the Court award her the relief demanded below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Abbie Shibe requests judgment in her favor against Defendant, containing the following relief:

(a) A declaratory judgment that the actions, conduct, and practices of Defendant complained of herein violate the laws of the United States;

(b) An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

(c) An order directing Defendant to place Shibe in the position she would have occupied but for Defendant' discriminatory, retaliatory and/or otherwise unlawful treatment of her, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect Shibe;

(d) An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Shibe for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

(e) Awarding against each Defendant compensatory and monetary damages to compensate Shibe for lost wages, emotional distress, and other consequential damages, in an amount to be proven at trial;

(f) An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Shibe for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

(g) An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Shibe for harm to her professional and personal reputation and loss of career fulfillment;

(h) An award of damages for any and all other monetary and/or non-monetary losses suffered by Shibe in an amount to be determined at trial, plus prejudgment interest;

(i) An award of punitive damages;

(j) An award of costs that Shibe has incurred in this action, as well as Shibe's reasonable attorneys' fees to the fullest extent permitted by law; and

(k) Awarding such other and further relief that this Court deems necessary and proper.

        Respectfully submitted,

        */s/ Sam Robb*

        Fred M. Bean (0086756)
        Samuel B. Robb (0099035)
        **The Spitz Law Firm, LLC**
        25200 Chagrin Boulevard, Suite 200
        Beachwood, OH 44122
        Phone: (216) 291-4744
        Fax:   (216) 291-5744
        Email:  fred.bean@spitzlawfirm.com
                     sam.robb@spitzlawfirm.com

        *Attorneys For Plaintiff Abbie Shibe*

8

## JURY DEMAND

Plaintiff Abbie Shibe demands a trial by jury by the maximum number of jurors permitted.

                                                                                   _____
                                                                                  Samuel B. Robb (0099035)