**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ABBIE SHIBE, | : | |
| | : | |
| Plaintiff, | : | CASE NO. 1:21-cv-01436-SO |
| | : | |
| v. | : | JUDGE BRIDGET MEEHAN BRENNAN |
| | : | |
| CARDINAL CREDIT UNION, INC. | : | |
| | : | |
| Defendant. | : | |

**REPLY MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

The Motion for Summary Judgment (the "Motion") filed by Defendant Cardinal Credit Union, Inc. ("Defendant") fully satisfied Defendant's summary judgment burden by "identifying those parts of the record which demonstrate the absence of any genuine issue of material fact." *Lindsey v. Whirlpool Corp.*, 295 Fed. Appx. 758, 764 (6th Cir. 2008).  The Motion demonstrates that Plaintiff Abbie Shibe ("Plaintiff") was having significant performance issues, that Defendant had to implement a significant reduction-in-force (the "RIF") due to the COVID-19 Pandemic, and the decision to select Plaintiff for the RIF was made by the same individual who hired Plaintiff, Defendant's female Chief Executive Officer.

The Motion further cites Plaintiff's deposition testimony where Plaintiff admits that she has no evidence of discriminatory motive.  (Deposition of Plaintiff at 79 (hereinafter "Dep. Plaintiff at ___") ("A. Again, I don't know why Ms. Blake made that decision")).  Plaintiff further admits that she cannot explain her position that a woman would discriminate against Plaintiff due to the fact that Plaintiff is a woman.  (Dep. Plaintiff at 78).  Finally, Plaintiff admits that other female branch managers were not impacted by the reduction.  (Dep. Plaintiff at 47).

1

The Memorandum in Opposition (the "Opposition") fails to meet Plaintiff's burden to "point to evidence that demonstrates that there is a genuine dispute of material fact for trial." *Ask Chems., LP v. Comput Packages, Inc.*, 593 Fed. Appx. 506, 508 (6th Cir. 2014). The Opposition incredibly alleges that despite two written disciplinary warnings and a poor performance evaluation, that Plaintiff's job performance "was strong." (Opposition at 3). Plaintiff further ignores the undisputed facts that a female selected her for the RIF and male employees, including Plaintiff's Assistant Manager, were selected for the RIF, by arguing that sex discrimination is somehow proven because one male employee remained employed by Defendant. (Opposition at 4). The Opposition, however, wholly fails to identify this male employee's job performance, discipline or any other facts that support Plaintiff's argument that this male employee was not selected for the RIF due to his sex. Accordingly, because no genuine issues of material fact exist for trial, summary judgment should be entered in favor of Defendant and this matter terminated. Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

**II.     RELEVANT FACTS**

The Opposition presents only three pages of relevant facts. Each of the brief factual arguments presented by Plaintiff are contrary to Plaintiff's deposition testimony and the undisputed facts.

**A.     Plaintiff Had Significant Performance Issues Prior To The RIF.**

The Opposition first argues that Plaintiff's job performance "was strong." (Opposition at 3). This argument is based on selected portions of Plaintiff's 2019 performance evaluation. (Opposition at 3). As set forth below, Plaintiff's argument is contrary to the documented facts and should be rejected.

Plaintiff received a 3.6 out of 5 on her 2019 performance evaluation.  (Dep. Plaintiff at Ex. 7); (Dec. Blake at 21 and Ex. 2).  Plaintiff was rated in five areas.  (Dep. Plaintiff at Ex. 7). In two of the five areas, Plaintiff was rated as "Needs Improvement":  (1) Knowledge of Job; and (2) Management.  (Dep. Plaintiff at Ex. 7).  Plaintiff admits that the performance evaluation put her on notice of performance issues.  (Dep. Plaintiff at 110-111).

Shortly thereafter, on January 27, 2020, Plaintiff received an Employee Verbal Warning Notice.  (Dep. Plaintiff at Ex. 3).  Plaintiff admits that the customer experience is very important at Cardinal.  (Dep. Plaintiff at 33).  In order to verify responsiveness, Plaintiff recalls that Cardinal enforced a rule that required Cardinal employees to respond to customer issues within twenty-four hours.  (Dep. Plaintiff at 34).  The Warning was due to Plaintiff's failure to timely respond to customer issues.  (Dep. Plaintiff at Ex. 3).  Plaintiff does not believe that this warning was discriminatory.  (Dep. Plaintiff at 58) ("Q.  Did you think that the two pieces of discipline were discriminatory?  A. No.").

On February 19, 2020, Plaintiff was disciplined again due to a random inspection of her branch.  (Dec. Blake at 25).  The Mentor inspection revealed that Plaintiff was not following onboarding procedures and customer account cards were not properly audited and submitted. (Dep. Plaintiff at Ex. 4).  Due to these issues, Plaintiff was placed on a sixty day disciplinary probation beginning on February 19, 2020. (Dep. Plaintiff at Ex. 4).  Plaintiff also does not believe that this warning was discriminatory.  (Dep. Plaintiff at 58) ("Q.  Did you think that the two pieces of discipline were discriminatory?  A. No.").

On March 10, 2020, due to her continuing performance issues, Plaintiff was given a document entitled 2020 Expectations.  (Dec. Blake at 26); (Dep. Plaintiff at Ex. 8).  The expectations listed in the document are the most basic functions that are required of a Branch

Manager. (Dec. Blake at 26); (Dep. Plaintiff at Ex. 8). Plaintiff reviewed and signed the document on March 10, 2020. (Dec. Blake at 26); (Dep. Plaintiff at Ex. 8). Although Plaintiff was not discharged on this date, the Expectations and Plaintiff's disciplinary probationary status placed Plaintiff on notice that if her performance, and the performance of the Mentor branch, did not improve, she was subject to discharge. (Dec. Blake at 26); (Dep. Plaintiff at Ex. 8).

**B.    The Opposition Fails To Identify Any Similarly-Situated Employees Who Were Treated Better Than Plaintiff.**

The Opposition argues that one male branch manager was not selected for the RIF and this non-selection somehow supports a finding of sex discrimination. (Opposition at 4). As with other arguments, when Plaintiff was deposed, she admitted that four of Defendant's five branch managers in 2019 were females. (Dep. Plaintiff at 29-30). In fact, when deposed, Plaintiff admitted that other female branch managers were not impacted by the reduction. (Dep. Plaintiff at 47).

Moreover, as of March 10, 2020, Plaintiff was Cardinal's lowest performing Branch Manager and only Branch Manager on disciplinary probationary status. (Dec. Blake at 27). The Opposition does not challenge this fact or provide any information relating to the male employee's job performance or disciplinary history. (Opposition at 3-4).

**C.    The COVID-19 Pandemic Greatly Impacted The Financial Industry.**

Defendant is a credit union. (Dec. Blake at 4). The COVID-19 Pandemic greatly impacted Cardinal. (Dec. Blake at 28). The Opposition incredibly argues that the Pandemic did not require the RIF. (Opposition at 3-4).

However, when deposed, Plaintiff admitted that the COVID-19 Pandemic caused the job market in the banking industry to come to a "standstill." (Dep. Plaintiff at 13). Plaintiff further admitted that the Pandemic created a very uncertain time for everyone. (Dep. Plaintiff at 65).

4

Finally, Plaintiff admitted that she cannot disagree with Cardinal's decision that the RIF was necessary due to the Pandemic. (Dep. Plaintiff at 67). Accordingly, the Opposition's COVID-19 Pandemic arguments are contrary to Plaintiff's deposition testimony and should be rejected.

> D. **The RIF Was Significant And It Impacted Males And Females.**

The same three people who interviewed and hired Plaintiff also reviewed Cardinal's operations for the reduction: (1) Cardinal's Chief Executive Officer; (2) Cardinal's Chief Financial Officer, and (3) Cardinal's Human Resources Manager. (Dec. Blake at 29). This group ultimately concluded that one of Cardinal's branch offices needed to be closed and fourteen positions were eliminated. (Dec. Blake at 30-31 and Ex. 5), Males and females were impacted by the reduction. (Dec. Blake at 30); (Dep. Plaintiff at Ex. 6).

Plaintiff admits that the Mentor branch was greatly impacted by the reduction. (Dep. 72-73). Plaintiff's male Assistant Manager was selected for the reduction. (Dep. Plaintiff at 72-73). In addition to Plaintiff and the Assistant Manager, Plaintiff admits that five other Mentor branch employees were impacted by the reduction. (Dep. Plaintiff at 73); (Dec. Blake at 32). Plaintiff was selected for the COVID-19 Pandemic reduction due to her disciplinary probationary status and continuing performance issues. (Dec. Blake at 32). The termination letter explicitly referred to the COVID-19 Pandemic. (Dep. Plaintiff at Ex. 5).

> E. **Plaintiff's Deposition Testimony Confirms The Lack Of Discriminatory Motive.**

Plaintiff admits that she has no evidence of discriminatory motive. (Dep. Plaintiff at 79 ("A. Again, I don't know why Ms. Blake made that decision"). Plaintiff further admits that she cannot explain her position that a woman would discriminate against Plaintiff due to the fact that Plaintiff is a woman. (Dep. Plaintiff at 78).

5

**III. ARGUMENT**

The Opposition fails to meet Plaintiff's summary judgment burden to "point to evidence that demonstrates that there is a genuine dispute of material fact for trial." *Ask Chems., LP v. Comput Packages, Inc.*, 593 Fed. Appx. 506, 508 (6th Cir. 2014). Each of Plaintiff's arguments are addressed below.

**A.   Plaintiff Cannot Establish A Prima Facie Case Of Discrimination.**

The Opposition confirms that Plaintiff does not have direct evidence of sex discrimination. (Opposition at 8-9). In order to prove a circumstantial case of sex discrimination, Plaintiff must prove that: "'(1) she is a member of a protected group, (2) she was subject to an adverse employment decision, (3) she was qualified for the position, and (4) she was replaced by a person outside of the protected class.'" *Thompson v. Fresh Prods., LLC*, 985 F.3d 509, 522 (6th Cir. 2021) (*citing Carter v. Univ. of Toledo*, 349 F.3d 269, 273 (6th Cir. 2003)).

However, because of the RIF, the Opposition fails to recognize that Plaintiff has an additional prima facie burden. (Opposition at 8-9). Specifically, where, as in the instant case, an employee is laid off as part of a reduction-in-force, the fourth requirement is modified to require Plaintiff to show "direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons." *Id.* at 522.

The Opposition wholly fails to address the increased prima facie burden on Plaintiff. Plaintiff admits that no Cardinal employee made any sex-based comments during her employment. (Dep. Plaintiff at 38). In addition, the RIF was significant: (1) Males and females were impacted by the reduction. (Dec. Blake at 30); (Dep. Plaintiff at Ex. 6); (2) Plaintiff's male Assistant Manager was selected for the reduction. (Dep. Plaintiff at 72-73); (3) In addition to Plaintiff and the Assistant Manager, Plaintiff admits that five other Mentor branch employees were impacted

6

by the reduction. (Dep. Plaintiff at 73); (Dec. Blake at 32); and (4) Plaintiff admits that other female branch managers were not impacted by the reduction. (Dep. Plaintiff at 47). Based on the above facts, Plaintiff cannot establish a prima facie case of sex discrimination and summary judgment should be granted in favor of Defendant.

      **B.**    <u>**Plaintiff Cannot Meet The But For Standard**</u>**.**

As with the higher standard applicable to a reduction-in-force, the Opposition also fails to address the "but for" standard that is now applicable to Plaintiff's sex discrimination case. *University of Texas Southwestern Medical Center v. Nassar*, 570 U.S. 338, 362-363 (2013); *Bostock v. Clayton Cty.*, 140 S. Ct. 1731, 1739 (2020) (applied but for standard to sex discrimination claim under Title VII due to because of language); *GM, LLC v. FCA US, LLC*, 44 F.4th 548, 559 (6th Cir. 2022). Under the but for standard, Plaintiff must prove that she would not have been selected for the RIF but for her sex. *Nassar*, 570 U.S. at 362-363.

The same actor inference is clearly relevant to this analysis. *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 572 (6th Cir. 2003) (en banc). Moreover, the undisputed facts simply do not support any but for finding: (1) Plaintiff had performance issues; (2) the RIF was significant; and (3) the RIF impacted male and female employees. Accordingly, the Opposition failed to address the but for standard because Plaintiff simply cannot meet this standard of proof based on the undisputed facts.

      **C.**    <u>**Plaintiff Cannot Prove Pretext**</u>**.**

As with the higher standard applicable to a reduction-in-force, the Opposition also fails to address the "but for" standard that is now applicable to Plaintiff's sex discrimination case.

7

The same actor inference allows a court "to infer a lack of discrimination from the fact that the same individual both hired and fired the employee." *Id.* at 572 (*quoting Buhrmaster v. Overnite Transp. Co.*, 61 F.3d 461 (6th Cir. 1995)). Moreover, Plaintiff has no explanation for why a woman, Christine Blake, would somehow hire Plaintiff, but later select Plaintiff for a reduction due to Plaintiff's sex. (Dep. Plaintiff at 78). Accordingly, Plaintiff cannot meet the but for standard for insurance claims. *Bostock v. Clayton Cty.*, 140 S. Ct. 1731, 1739 (2020) (applied but for standard to sex discrimination claim under Title VII due to because of language).

### 3. Plaintiff cannot prove pretext.

Finally, Plaintiff cannot prove pretext. The Opposition correctly cites that law that requires Plaintiff to establish pretext by showing Defendant's RIF (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct. *Thompson,* 985 F.3d at 522. Plaintiff cannot meet any of these three pretext standards.

In this matter, Plaintiff admits that she cannot dispute Cardinal's decision to implement a reduction due to the COVID-19 Pandemic. (Dep. Plaintiff at 67). Fourteen positions were eliminated and a branch office was closed so Plaintiff cannot call the reduction into question. (Dep. Plaintiff at Ex. 6); (Dec. Blake at 31). Moreover, "[a]s of March 10, 2020, Plaintiff was Cardinal's lowest performing Branch Manager and only Branch Manager on disciplinary probationary status." (Dec. Blake at 27). Plaintiff admits that her discipline issued prior to the RIF was not discriminatory (Dep. Plaintiff at 58). Finally, Plaintiff admits that she is unaware of any other branch manager being on disciplinary probation when the COVID-19 Pandemic began. (Dep. Plaintiff at 58). Accordingly, Plaintiff cannot meet the pretext standard and summary judgment should be entered in favor of Defendant.

8

## VI. CONCLUSION

Based on the above-cited arguments and authorities, there are no genuine issues of material fact and summary judgment should be entered in favor of Defendant on all claims asserted by Plaintiff.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
David.A.Campbell@lewisbrisbois.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of January 2023, a true and correct copy of the foregoing has been electronically filed with the Court and notice was sent to all parties through the Court's EM/ECF system.

>	*/s/ David A. Campbell*
>	David A. Campbell (0066494)
>
>	*Attorney for Defendant*